# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

TERRIE LEWARK, assignee of PUBLIC STORAGE, INC.

        Appellant,

v.

DAVIS DOOR SERVICES, INC., a Washington corporation,

        Defendant,

AMERICAN STATES INSURANCE COMPANY, a foreigner insurer,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68634-8-I

ORDER GRANTING
MOTION TO PUBLISH

The respondent, American States Insurance Company, having filed its motion to publish, and appellant, Terrie Lewark, having filed a response to the respondent's motion to publish herein, and a panel of the court having reconsidered its prior determination not to publish the opinion filed for the above entitled matter on February 10, 2014, and finding that it is of precedential value and should be published; now, therefore it is hereby

ORDERED that the written opinion filed February 10, 2014, shall be published and printed in the Washington Appellate Reports.

DATED this 25th day of March, 2014.

_____
Judge

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERRIE LEWARK, assignee of PUBLIC STORAGE, INC. | ) ) ) No. 68634-8-I |
| Appellant, | ) ) DIVISION ONE |
| v. | ) ) PUBLISHED OPINION |
| DAVIS DOOR SERVICES, INC., a Washington corporation, | ) ) ) |
| Defendant, | ) ) |
| AMERICAN STATES INSURANCE COMPANY, a foreigner insurer, | ) ) ) |
| Respondent. | ) FILED: February 10, 2014 ) ) |

2014 FEB 10 AM 9:39
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

APPELWICK, J. — Lewark, as assignee of Public Storage, sued American States claiming coverage as an additional insured under an umbrella liability policy it issued to Davis Door. She claimed breach of contract for failure to defend and indemnify and asserted a variety of extra-contractual claims based on American States' alleged failure to notify Public Storage of coverage. The trial court dismissed her claims on summary judgment. The insurance policy did not provide coverage for the underlying claim. We affirm.

## FACTS

Public Storage Inc. contracted with Davis Door Service Inc. to perform work at its facilities. They signed a master agreement in 2003, and again in 2006. The 2006

master agreement included a provision that required Davis Door to maintain a commercial general liability policy that insured Public Storage "during the entire progress of the work."

As required by the agreement, Davis Door took out a commercial general liability policy and an employer's liability policy with American Economy. It also took out an umbrella liability policy with American States.

In October 2006, Davis Door performed repair work on a door at a Public Storage facility in Renton. Then, in December 2006, Terrie Lewark attempted to open the door and injured her back. She sued Public Storage and Davis Door. Public Storage settled with Lewark for $299,000. It also paid $150,028 in defense costs, and assigned to Lewark its rights under the 2006 master agreement. Lewark settled with Davis Door in September 2010 for $225,000. Then, Lewark sued Davis Door and American States as assignee of Public Storage. Because she acted as assignee of Public Storage, we refer to her as simply Public Storage.

Public Storage alleged it was an additional insured under the umbrella liability policy and that American States breached the contract by failing to defend and indemnify it. It also pursued extra-contractual claims for negligence, bad faith, and violation of the Consumer Protection Act, ch. 19.86 RCW, and the Insurance Fair Conduct Act, ch. 48.30 RCW. The parties filed competing motions for summary judgment. The trial court dismissed all claims. It found that "Public Storage is not an additional insured under the American States Insurance Company umbrella policy issued to Davis Door."

DISCUSSION

Public Storage argues that it is an additional insured, that the umbrella insurance policy covered the loss in this case, and that American States violated its duty of good faith by failing to notify Public Storage of its policy benefits. It also claims that the trial court abused its discretion by denying Public Storage's motion to compel discovery of documents that American States alleges are protected by the work product doctrine and attorney-client privilege. American States argues that Public Storage is not an additional insured, that the policy was not triggered in this case, that it had no duty to notify Public Storage of potential benefits, and that the trial court correctly denied the motion to compel.

We review an order granting summary judgment de novo. Weden v. San Juan County, 135 Wn.2d 678, 689, 958 P.2d 273 (1998). We may affirm the order on any grounds supported by the record. Allstot v. Edwards, 116 Wn. App. 424, 430, 65 P.3d 696 (2003).

The threshold issue in this case is whether Public Storage is an additional insured under the umbrella liability policy. This question turns on the additional insured language in the umbrella liability policy and the insurance requirement in the 2006 master agreement. The master agreement described the type of insurance required:

> Contractor shall procure and maintain at its own expense during the entire progress of the Work, the following insurance coverage from an insurance company satisfactory to Owner:
>
>> Employer's liability insurance of not less than $1,000,000, and commercial general liability insurance insuring against claims for personal injury, death or property damage occurring upon, in or about the Property in limits not less than $1,000,000 per occurrence. Prior to the start of any

3

work a certificate of insurance must be received by Owner naming Public Storage, Inc. and each of its affiliates, subsidiaries, partners, owners, officers, directors and employees as additional insureds.

(Emphasis added.) The umbrella liability policy provided that insured persons or entities include:

Any person or organization for which an insured is required by virtue of a written contract entered into prior to an "occurrence" to provide the kind of insurance that is afforded by this policy, but only with respect to operations by or on an insured's behalf, or to facilities an insured owns or uses, and only to the extent of the limits of insurance required by such contract, but not to exceed the applicable limits of insurance set forth in this policy.

(Emphasis added.) It also provided that the coverage was excess over other coverage:

This insurance is excess over, and shall not contribute with any other insurance, whether primary, excess, contingent or on any other basis. This condition will not apply to insurance written specifically as excess over this policy.

Public Storage claims that the language, "the kind of insurance that is afforded by this policy," is ambiguous. It argues that the policy does not specify whether it is referring to commercial general liability insurance or commercial umbrella liability insurance, and does not define either term. Thus, it urges the court to liberally construe the clause in favor of insurance coverage.

Whether both policies provide commercial liability coverage does not create ambiguity. The master agreement requires a commercial general liability policy that covers not less than $1,000,000 per occurrence. It is undisputed that Davis Door purchased that kind of policy with the limits required by the master agreement. It was not required to do more. The umbrella insurance policy was by its terms excess coverage, providing coverage in excess of the limits of the commercial general liability

policy and in excess of the amounts required by the master agreement. Coverage under the umbrella policy was not required by the master agreement.

The master agreement required Davis Door to maintain insurance "during the entire progress of the Work." Lewark's underlying claim is based on injury more than two months after the repairs to the door had been completed. Public Storage agrees that the commercial general liability did not provide coverage for the claim. However, it argues that the umbrella coverage should apply if it was the kind of insurance required by the master agreement. American States argues that the master agreement does not require coverage of completed operations, only coverage during ongoing operations. Public Storage counters that the scope of coverage is defined by the umbrella liability policy, not the master agreement.

The master agreement does not use either the phrase ongoing operations or completed operations. The meaning of these phrases has been discussed in Hartford Insurance Company v. Ohio Casualty Insurance Company, 145 Wn. App. 765, 777, 189 P.3d 195 (2008). The issue was whether "ongoing operations" language of an additional insured endorsement excluded coverage for "completed operations." Id. The court limited the coverage to damages arising out of the subcontractors' work in progress only. Id. at 778. Here, the master agreement required insurance "during the entire progress of the Work." Read in the context of the Hartford decision, that language does not require completed operations coverage.

The umbrella policy only insures what is "required by virtue of a written contract." Neither excess coverage nor completed operations coverage were required in the

5

master agreement. Public Storage is not covered under the umbrella policy as an additional insured. The remaining issues are moot.

We affirm.

WE CONCUR: